ORIGINAL

28
10/30/01
sc

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JASON TRAVIS STEVENS,       :
          Plaintiff     :     Civil No. 1:CV-01-0907
                     :
       v.           :     (Judge Kane)
                     :
KATHLEEN M. HAWK-SAWYER, et al., :
          Defendants    :

**FILED**

OCT 2 9 2001

PER _sc_
HARRISBURG, PA.    DEPUTY CLERK

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant United States Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482

Dated:    October 29, 2001

## **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . ii

I.  Introduction . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Allegations in the Complaint . . . . . . . . . . . 1

II. Argument . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Legal Standard . . . . . . . . . . . . . . . . . . 2

    B.  The Statute of Limitations Bars
        Stevens' Complaint . . . . . . . . . . . . . . . . 2

    C.  Plaintiff Has Not Exhausted Available
        Administrative Remedies . . . . . . . . . . . . . . 4

    D.  Plaintiff Has Failed to State a Claim Upon
        Which Relief can be Granted . . . . . . . . . . . . 7

    E.  All of the Defendants Sued in their Official
        Capacities are Entitled to Sovereign
        Immunity . . . . . . . . . . . . . . . . . . . . . 9

    F.  The Individual Defendants are Entitled to the
        Defense of Qualified Immunity as a Matter of
        Law . . . . . . . . . . . . . . . . . . . . . . . 11

    G.  Since Supervisory Officials can not be Held
        Personally Liable in a Bivens Action Under the
        Theory of Respondeat Superior, All Claims
        Against Defendants Hawk-Sawyer, Rardini and
        Mendez should be Dismissed . . . . . . . . . . . . 15

    H.  Stevens in not Entitled to Monetary Damages . . . . 17

    I.  Stevens' Complaint if Frivolous and Should
        be Dismissed . . . . . . . . . . . . . . . . . . . 18

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

### FEDERAL CASES

Abdul-Akbar v. Watson,
4 F.3d 195 (3rd Cir. 1993) ................................. 12

Alexander v. Hawk,
159 F.3d 1321 (11th Cir. 1998) ........................... 5

Anderson v. Creighton,
483 U.S. 635 (1987) ................................ 11,12,13

Booth v. Churner,
532 U.S. 731, 121 S. Ct. 1819 (2001) ...................... 5

Brown v. Grabowski,
922 F.2d 1097 (3rd Cir. 1990) ........................... 15

Burnett v. Gratten,
468 U.S. 42 (1984) ........................................ 3

Carey v. Piphus,
435 U.S. 247 (1978) ...................................... 16

Chinchello v. Fenton,
805 F.2d 126 (3rd Cir. 1986) ............................ 15

Conley v. Gibson,
355 U.S. 41 (1957) ........................................ 2

Cortes-Quinones v. Jimenez-Nettleship,
842 F.2d 556 (1st Cir. 1988) ............................ 13

Daniels v. Williams,
474 U.S. 327 (1986) ...................................... 16

Davis v. Scherer, 468 U.S. 183 (1984) ...................... 11

Denton v. Hernandez,
504 U.S. 25 (1992) ....................................... 17

Farmer v. Brennan,
511 U.S. 825 (1994) ................................. 8,13,17
Farmer v. Carlson,
685 F. Supp. 1335 (M.D.Pa. 1988) ................... 14,15,18

Fayerweather v. Bell,
447 F. Supp. 913 (M.D.Pa. 1978) ......................... 14

Flanagan v. Shively,
783 F. Supp. 922 (M.D.Pa. 1992) ........................... 15

Garcia v. United States,
666 F.2d 960 (5th Cir. 1982) ............................... 9

Harlow v. Fitzgerald,
457 U.S. 800 (1982) ...................................... 10

Haynesworth v. Miller,
820 F.2d 1245 (D.C. Cir. 1987) ........................... 15

Hishon v. King,
467 U.S. 69 (1984) ........................................ 2

Hudson v. McMillian,
503 U.S. 1 (1992) ......................................... 8

Hunter v. Bryant,
502 U.S. 224 (1991) ...................................... 11

Jenkins v. Medford,
119 F.3d 1156 (4th Cir. 1997) ............................ 11

Kline v. Republic of El Salvador,
603 F. Supp. 1313 (D.C. 1985) ............................ 10

United States v. Lanier,
520 U.S. 259 (1997) ...................................... 11

Laswell v. Brown,
683 F.2d 261 (8th Cir. 1978) ............................. 10

Lyles v. Sparks,
79 F.3d 372 (4th Cir. 1996) .............................. 12

Malley v. Briggs,
475 U.S. 335 (1986) ...................................... 13

Miree v. DeKalb County, Ga.,
433 U.S. 25 (1977) ........................................ 2

Mitchell v. Forsyth,
472 U.S. 511 (1985) ................................... 12,14

Nyhuis v. Reno,
204 F.3d 65 (3rd Cir. 2000) ............................... 5

Oshiver v. Levin,
38 F.3d 1380 (3d Cir. 1994) ............................... 2

Owens v. Okure,
488 U.S. 235 (1989) ........................................ 3

Paton v. LaPrade,
524 F.2d 862 (3d Cir. 1975) ................................ 3

Potter v. Clark,
497 F.2d 1206 (7th Cir. 1974) ............................. 16

Pritchett v. Alford,
973 F.2d 307 (4th Cir. 1992) .............................. 12

Renn v. Garrison,
100 F.3d 344 (4th Cir. 1996) .............................. 13

Rhodes v. Chapman,
452 U.S. 337 (1981) ..................................... 7, 8

Rich v. Bruce,
129 F.3d 336 (4th Cir. 1997) .............................. 8

Rizzo v. Goode,
423 U.S. 362 (1976) ...................................... 14

Robertson v. Sichel,
127 U.S. 507 (1988) ...................................... 14

Rode v. Dellarceprete,
845 F.2d 1195 (3rd Cir. 1988) ............................ 15

Saucier v. Katz,
531 U.S. 991, 121 S. Ct. 2151 (2001) .................. 11, 13

Shakka v. Smith,
71 F.3d 162 (4th Cir. 1995) ............................... 7

Siegert v. Gilley,
500 U.S. 226 (1991) ...................................... 12

Siglar v. Hightower,
112 F.3d 191 (5th Cir. 1997) ............................. 17

Spence v. Medoza,
993 F. Supp. 785 (E.D. Cal. 1998) ......................... 5

Sprouse v. Federal Prisons Industries, Inc.,
480 F.2d 1 (5th Cir. 1973) ................................ 9

Stoneking v. Bradford Area School District,
882 F.2d 720 (3rd Cir. 1989) ............................. 15

<u>Swift v. United States Border Patrol</u>,
578 F. Supp. 35 (S.D. Tex. 1983) ........................ 9, 10

<u>Veteto v. Miller</u>,
794 F.2d 98 (3rd Cir. 1986) ............................... 5

<u>Violanti v. Emery Worldwide A-CF Co.</u>,
847 F. Supp. 1251 (M.D. Pa. 1994) ......................... 2

<u>Washington Legal Foundation v. Massachussetts Bar Foundation</u>,
993 F.2d 962 (1st Cir. 1993) .............................. 2

<u>White v. McGinnis</u>,
131 F.3d 593 (6th Cir. 1997) .............................. 4

<u>Williams v. Benjamin</u>,
77 F.3d 756 (4th Cir. 1996) ............................... 7

<u>Wilson v. Garcia</u>,
471 U.S. 261 (1985) ....................................... 3

<u>Wilson v. Layne</u>,
526 U.S. 603 (1999) ...................................... 11

<u>Wilson v. Seiter</u>,
501 U.S. 294 (1991) .................................... 7,17

<u>Young v. Quinlan</u>,
960 F.2d 351 (3d Cir. 1992) .............................. 14

<u>Zehner v. Trigg</u>,
133 F.3d 459 (7th Cir. 1997) ............................. 17

### FEDERAL AUTHORITIES

U.S. Const. Amend. VIII ................................... 7

141 Cong. Rec. S1440801, S14418 (1995) ................... 5

### FEDERAL STATUTES

28 C.F.R. §142 ........................................... 6

28 C.F.R. §542 ........................................... 6

28 C.F.R. §542.10 ........................................ 6

28 U.S.C. §1331 .......................................... 4

42 U.S.C. §1983 ........................................... 2

42 U.S.C. §1997e(a) ..................................... 4,17

### FEDERAL RULES

Fed. R. Civ. P. 8(a) ..................................... 9

## I.   INTRODUCTION

Plaintiff Jason Travis Stevens ("Stevens") has brought this civil rights action seeking monetary damages.  Stevens names the following Defendants:  Kathleen Hawk-Sawyer, Director, Federal Bureau of Prisons ("BOP"); David Rardin, Regional Director, BOP; Jake Mendez, Warden, Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"); James Feeney, Special Investigative Agent; Timothy Noone, Unit Manager; Steven Klapp, Senior Officer Specialist; and Margaret Carpenter, Special Investigative Service Technician.

### A.   **Allegations in the Complaint**.

The following are the verbatim allegations Stevens makes against the Defendants:

> All defendants have acted with deliberate indifference to the plaintiff safety and life and have and continue to endanger his safety and life, and permit him to live in constant fear.

> Defendants Hawkes-Sawyer, Reardon and Mendez have allowed (and created) unsafe, unsanitary, and unconstitutional living conditions to exist which are within the scope of the 8th Amendment.

> Defendants, Feeney, Noone, Carpenter & Klapp violated Federal Regulations (several) and in doing so knowingly and deliberate indifference, endangered the plaintiffs safety and life.

Complaint, p.11.

1

## II.    ARGUMENT

### A.    Legal Standard.

On a Rule 12(b)(6) motion, the court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, 38 F.3d 1380, 1384 (3d Cir. 1994); Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  The question is whether the plaintiff can prove any set of facts consistent with his allegations that will entitle him to relief, not whether he will ultimately prevail.  Hishon v. King, 467 U.S. 69, 73 (1984).

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in a form of factual allegations. Washington Legal Found. v. Massachussetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1255 (M.D. Pa. 1994).  Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B.    The Statute of Limitations Bars Stevens' Complaint.

Under recognized Third Circuit precedent, a Bivens-type action is the federal counterpart to actions filed under 42

2

U.S.C. §1983, and the standards developed in §1983 actions are applicable in a <u>Bivens</u>-type action.  <u>Paton v. LaPrade</u>, 524 F.2d 862, 871 (3d Cir. 1975).

Since §1983 contains no federal statute of limitations, in <u>Burnett v. Gratten</u>, 468 U.S. 42, 45 (1984), the Supreme Court held that federal courts can properly turn to state statutes of limitations in §1983 actions.  The Court instructed federal courts to look 1) to the laws of the United States as far as such laws are suitable to carry the civil and criminal civil rights statutes into effect, 2) if no suitable federal rule exists, courts are to undertake the second step by considering application of state common law, as modified and changed by the Constitution and statutes of the forum state, and finally 3) courts can apply the state statute only if it is not inconsistent with the constitution and laws of the United States.  <u>Id.</u> at 47-48.  Thus, state statutes governing personal injury claims are applied to §1983 claims and <u>Bivens</u>-type actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985) (holding actions under §1983 should be characterized as  personal injury actions).  <u>See also</u> <u>Owens v. Okure</u>, 488 U.S. 235 (1989).

42 Pa. C.S.A. §5524 provides a two-year statute of limitations for these claims.  Thus, to the extent Stevens complains of actions or inactions in the months of February, March and April of 1999, his complaint is completely barred by the applicable two-year statute of limitations and should be dismissed.

3

**C.    Plaintiff Has Not Exhausted Available
Administrative Remedies**.

As discussed further below, Stevens' failure to fully and
completely exhaust available administrative remedies forecloses
further consideration of his lawsuit at this time.  The Court
should dismiss this action pursuant to the requirements of 42
U.S.C. §1997e(a).

As part of the comprehensive Prison Litigation Reform Act of
1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321
(April 26, 1996), Congress now requires all inmates to fully
exhaust available administrative remedies prior to initiating a
28 U.S.C. §1331 action.  42 U.S.C. §1997e(a) now provides the
following:

> No action shall be brought with respect to prison
> conditions under §1983 of this title, or any other
> Federal law, by a prisoner confined in any jail, prison
> or other correctional facility until such
> administrative remedies as are available are exhausted.

The statute requires complete exhaustion of administrative
remedies prior to the filing of a lawsuit.  An inmate must not
only initiate a grievance, he must also appeal any denial of
relief through all available appellate levels that comprise the
administrative grievance process.  White v. McGinnis, 131 F.3d
593, 594 (6th Cir. 1997).  Moreover, a prisoner cannot excuse his
failure to fully exhaust available administrative remedies by
challenging the efficacy of resorting to that process:

> The  court  must presume that Congress intended these
> deletions [to  former 42 U.S.C. §1997e] to effect real
> and substantial change.  Accordingly, the court

4

presumes that Congress now conditions prisoner suits on
the exhaustion of such administrative remedies as are
available, without regard to whether  they
substantially comply with "minimum acceptable
standards," and without regard to  whether they are
"just and effective."

Spence v. Medoza, 993 F. Supp. 785, 787 (E.D. Cal. 1998).

In Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001),

the Supreme Court held that "Congress has provided in §1997e(a)

that an inmate must exhaust irrespective of the forms of relief

·sought and offered through administrative avenues."  See also

Nyhuis v. Reno, 204 F.3d 65, 71 (3rd Cir. 2000); Veteto v.

Miller, 794 F.2d 98 (3rd  Cir. 1986).

By enacting the broad mandatory exhaustion requirement in

§1997e(a), Congress sensibly requires courts faced with prisoner

claims to give prison administrators the first crack at resolving

the dispute.[1]  Implicit in this requirement is that a prisoner

must fairly present the same claim to prison administrators as is

brought in federal court.  Failure to do so will deny the BOP an

opportunity to interpret its own regulations and policies as they

apply to the facts and resolve the dispute.  See Alexander v.

Hawk, 159 F.3d 1321, 1327 n.11, 1327 (11th Cir. 1998) (Bivens

action holding that exhaustion benefits courts because prison

---

[1] This was clearly intended and contemplated by Congress.
As Senator Hatch articulated, the PLRA was enacted to "wrest
control of our prisons from lawyers and the inmates and return
that control to competent administrators appointed to look out
for society's interests as well as the legitimate needs of
prisons."  141 Cong. Rec. S1440801, S14418 (1995).

system's expertise is utilized in interpreting its own regulations and applying them to the facts).

Pursuant to 28 C.F.R. §142, et seq., the BOP has adopted a three-level administrative remedy process which requires prisoners to address all problems first with prison administrators. This gives prison staff the first opportunity to address and resolve issues raised by prisoners. A prisoner is required to seek resolution of his complaint by submitting a formal complaint to the warden of the institution in which he is confined. 28 C.F.R. §542.10. The inmate may appeal an adverse decision to the Regional Director and finally, to the Central Office of the Federal Bureau of Prisons. See 28 C.F.R. §542, et seq. No administrative remedy appeal is considered to have been finally exhausted until it has been denied by the BOP's Central Office.

The instant Complaint contends in a general and conclusory manner that Stevens has exhausted administrative remedies. However, a review of the computerized records indicates that Stevens failed to seek appropriate resolution of the **constitutional** claims before this Court, utilizing all available administrative remedies as provided by the BOP. Exh.1, ¶7; Exhs. 2-6. Accordingly, Stevens' lawsuit as to these claims cannot proceed at this time, and the court should dismiss the Complaint.

**D.    Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted**.

Analysis of this case properly begins with the issue of whether or not Stevens' allegations are adequate to state a claim under the Eighth Amendment against these defendants.  Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. The Eighth Amendment protects against the infliction of "cruel and unusual punishment." U.S. Const. Amend. VIII.  "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); Rhodes v. Chapman, 452 U.S. 337 (1981).  In order to demonstrate the affliction of cruel and usual punishment, a prisoner must demonstrate two elements: that "objectively" the  denial  of basic  human need was sufficiently serious, and that "subjectively" prison officials acted with a sufficiently culpable state of mind.

First, the deprivation alleged must be objectively sufficiently serious.  "A court must keep in mind that the ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offense endure as recompense for their criminal activity."  Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Eighth Amendment "does not mandate  comfortable prisons, and only those deprivations denying the minimal civilized  measure of life's necessities are

7

sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

Stevens must also satisfy the subjective component by proving that prison officials acted with deliberate indifference toward his deprivation. <u>Id</u>. at 303. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994). In other words, the defendants' awareness in the underlying facts leading to the plaintiff's deprivation is not enough to state a claim, but rather these defendants must draw the inference that the plaintiff is exposed to specific harm. <u>Rich v. Bruce</u>, 129 F.3d 336, 338 (4th Cir. 1997).

The alleged deprivations claimed by Stevens in this matter do not rise to the level of an Eighth Amendment claim. "Extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992)(quotations, citations omitted). Stevens has not shown that the conditions in his cell resulted in the deprivation of basic human needs. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Stevens has not demonstrated that he was deprived of clothing, shelter and medical care or that officers' failure to protect him caused him specific harm. Nothing claimed by Stevens is outside the scope of the ordinary discomfort accompanying prison life, nor is there any evidence

8

that Stevens was harmed.  In this case, there is no evidence to show that these Defendants were aware or drew inference to Stevens' alleged specific harm.  It is equally important to note that Stevens has not suffered any specific harm.

Moreover, being placed in segregation for "drinking homemade beer" and being subjected to institutional convictions is not, in itself, without more, constitutionally prohibited.  Accordingly, Stevens' Eighth Amendment claims fail.

**E.   All of the Defendants Sued in their Official Capacities are Entitled to Sovereign Immunity.**

The United States may not be sued without its consent. <u>Garcia v. United States</u>, 666 F.2d 960, 966 (5th Cir. 1982).  This immunity also applies to the agencies and officers of the United States. <u>Swift v. United States Border Patrol</u>, 578 F.Supp. 35, 37 (S.D. Tex. 1983).  Furthermore, Fed. R. Civ. P. 8(a) requires that the plaintiff plead facts upon which the court's jurisdiction depends.  Since sovereign immunity prevents the court from exercising jurisdiction over the United States or its agents unless they consent, the plaintiff is required to allege facts which reflect either consent or a waiver of immunity. <u>Sprouse v. Federal Prisons Industries, Inc.</u>, 480 F.2d 1, 3 (5th Cir. 1973)("[N]o suit in any court can be maintained against the United States or against its property without the express authority of Congress . . . it is equally well settled that since consent of the government to be sued is a relinquishment of sovereign immunity, it must be strictly construed.")

Stevens names six staff members in this <u>Bivens</u> complaint but fails to  allege how they acted outside the scope of their duties. Stevens only makes vague allegations as to what they should have done in their official capacities.  Since a suit against government employees in their official capacities is construed as an action against the United States, there must be an explicit waiver of immunity in order for Stevens to proceed. <u>Swift</u>, <u>supra</u>, at 37.  The United States has not waived its sovereign immunity with respect to constitutional claims.  <u>Kline v. Republic of El Salvador</u>, 603 F.Supp. 1313, 1317 (D.C. 1985); <u>Laswell v. Brown</u>, 683 F.2d 261, 267-68 (8th Cir. 1978).

None of the above-named defendants appear to have acted outside of their employment nor does Stevens state that they were acting in anything other than their official capacities. Therefore, they are entitled to sovereign immunity.

Since the United States has not waived its immunity or otherwise consented to be sued, Stevens should not be allowed to circumvent the principles of sovereign immunity by naming individual government employees.  Furthermore, Stevens does not state sufficient facts to show how each of the defendants were directly involved in violating his rights.  Based on the above, the defendants are entitled to sovereign immunity and therefore, this complaint should be dismissed.

**F.    The Individual Defendants are Entitled to the Defense of Qualified Immunity as a Matter of Law.**

With respect to the claims against these Defendants in their individual capacities, they have asserted their qualified immunity as an affirmative defense.  "Government officials performing discretionary  functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800 (1982).  "Qualified immunity seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability . . . by attaching liability only if the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he was doing violates that right."  United States v. Lanier, 520 U.S. 259 (1997), quoting, Davis v. Scherer, 468 U.S. 183 (1984); see also Anderson v. Creighton, 483 U.S. 635 (1987); Wilson v. Layne, 526 U.S. 603 (1999)(court evaluating claim of qualified immunity must first determine whether plaintiff has alleged the deprivation of an actual constitutional right at all).

Qualified immunity should be decided by the Court long before trial.  In Saucier v. Katz, 531 U.S. 991, 121 S.Ct. 2151 (2001), the Supreme Court held that a "qualified immunity . . . ruling should be made early in the proceeding so that the cost and expenses of trial are avoided where the defense is dispositive.  Such immunity is an entitlement not to stand trial,

11

not a defense from liability . . . and like absolute immunity, it is effectively lost if a case is permitted to go to trial." <u>See also</u> <u>Jenkins v. Medford</u>, 119 F.3d 1156, 1159 (4th Cir. 1997)(<u>en banc</u>)(holding that qualified immunity exists to give government officials right, not merely to avoid standing trial, but also to avoid burdens of such pretrial matters as discovery); <u>Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991)(<u>per curiam</u>).

The defense of qualified immunity may be established in one of two ways: either by showing that 1) the right allegedly violated was not "clearly established" at the time, or 2) that although the right was "clearly established," it was one that a "reasonable" person in the officer's position could have failed to appreciate would be violated by his conduct. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 535 (1985). To determine whether the right at issue was "clearly established," the Court must look "not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." <u>Pritchett v. Alford</u>, 973 F.2d 307, 312 (4th Cir. 1992).

In <u>Anderson v. Creighton</u>, <u>supra</u>, the Supreme Court described qualified immunity as follows:

> The Contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. That is not to say that an official's action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in light of preexisting law the unlawfulness must be apparent.

<u>Id.</u> at 639-40.

12

Moreover, government officials should not be held responsible for ever evolving "refinements or clarifications of constitutional law." <u>Lyles v. Sparks</u>, 79 F. 3d 372, 279 (4th Cir. 1996). Courts have repeatedly held that the determination of whether a reasonable person in the officer's position would have known that his conduct would violate the right at issue must be made on the basis of information actually possessed by the officer at the critical time, or that was reasonably available to him. <u>See generally</u> <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991); <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 202 (3rd Cir. 1993). Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. <u>Renn v. Garrison</u>, 100 F.3d 344, 349 (4th Cir. 1996).

While generally an inmate's right to safety and personal security is protected under the Eighth Amendment, as clearly stated in <u>Anderson v. Creighton</u>, "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Id</u>. 483 U.S. at 639-40. <u>See also</u> <u>Saucier v. Katz</u>, 531 U.S. 991, 121 S.Ct. 2151 (2001)(inquiry as to whether the right was clearly established must be undertaken in light of case's specific context, not as broad general proposition); <u>Malley v. Briggs</u>, 475 U.S. 335, 341

(1986)(qualified immunity protects all but plainly incompetent or those who knowingly violate law).

In this case, Stevens' complaint generally expresses a broad conclusion of law insufficient to establish a constitutional violation. Correctional officers must "take reasonable measures to guarantee the safety of the inmate." Farmer v. Brennan, 511 U.S. 825 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)), and "protect prisoners from violence at the hands of other prisoners," Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988). In this case, however, housing Stevens in general population or in segregation with other inmates was not "unreasonable" and was not a constitutional violation. Thus, defendants did not violate Stevens' clearly established right. Moreover, Stevens has not demonstrated that defendants were aware of any specific risk of harm to Stevens' safety when they housed him in segregation with other inmates. Additionally, Stevens has failed to point to any case law affirming that housing a confidential informant in either general population or segregation, without more, demonstrates deliberate indifference to an inmate's safety. Additionally, Stevens bears the burden of pleading such violation of clearly established law. Mitchell v. Forsyth, supra. Clearly, staff complied with established case law and Bureau of Prisons written policies. As such, the defendants are entitled to the protections of qualified immunity and the complaint should be dismissed.

G.   **Since Supervisory Officials Cannot be Held
     Personally Liable in a Bivens Action under
     the Theory of Respondeat Superior, All Claims
     Against Defendants Hawk-Sawyer, Rardin and
     Mendez Should be Dismissed**.

Since Stevens has not alleged or demonstrated that

Defendants Hawk-Sawyer, Rardin or Mendez had any direct

participation or acted personally in the actions or inactions of

which Stevens complains, the only basis for suit can be

*respondeat superior*.  However, Stevens may not avail himself of

the doctrine of *respondeat superior*, as this doctrine is

inapplicable to Bivens claims.  Rizzo v. Goode, 423 U.S. 362, 371

(1976); Robertson v. Sichel, 127 U.S. 507, 515-17 (1988); Farmer

v. Carlson, 685 F.Supp. 1335, 1338 (M.D.Pa. 1988); Fayerweather

v. Bell, 447 F.Supp. 913 (M.D.Pa. 1978).  Cf. Young v. Quinlan,

960 F.2d 351, 358 n.14 (3d Cir. 1992).

In Haynesworth this proposition was concisely explained:

> [I]n order to find a supervisory official personally
> liable in damages for the unconstitutional [or
> otherwise wrongful] acts of his subordinate, it must be
> shown that he was responsible for supervising the
> wrongdoer; that a duty to instruct the subordinate to
> prevent constitutional [or other] harm arose from the
> surrounding circumstances; and that, as a result of the
> official's failure to instruct, the plaintiff was
> harmed in the manner threatened.

Haynesworth v. Miller, 820 F.2d 1245 (D.C. Cir. 1987).

Furthermore, personal involvement or some affirmative action

on the part of a defendant is necessary before he may be found

liable for a civil rights violation.  In this case, Stevens has

failed to demonstrate any personal involvement on the part of

these defendants.  See Brown v. Grabowski, 922 F.2d 1097, 1120

15

(3rd Cir. 1990); <u>Stoneking v. Bradford Area School District</u>, 882
F.2d 720, 729-30 (3rd Cir. 1989); <u>Rode v. Dellarcprete</u>, 845 F.2d
1195 (3rd Cir. 1988); <u>Flanagan v. Shively</u>, 783 F.Supp. 922
(M.D.Pa. 1992); <u>Farmer v. Carlson</u>, 685 F.Supp. 1335 (M.D. Pa.
1988). "A supervising public official has [no] affirmative
constitutional duty to supervise and discipline so as to prevent
violations of constitutional rights by his or her subordinates."
<u>Chinchello v. Fenton</u>, 805 F.2d 126 (3rd Cir. 1986).

Stevens merely alleges he wrote to Warden Mendez regarding
the alleged complaint. This is merely an attempt to simply hold
him and the other defendants responsible based on their positions
and titles. However, he clearly fails to show how these
defendants' actions or omissions violated his specific
constitutional rights. When the complaint merely lists the
defendants in the caption, but is otherwise silent as to them,
then the complaint should be properly dismissed, even under the
liberal construction given to <u>pro se</u> complaints. <u>Potter v.
Clark</u>, 497 F.2d 1206 (7th Cir. 1974). Additionally, Stevens has
only named these defendants in the caption, but he has failed to
state any personal involvement by Director Sawyer-Hawk, Regional
Director Rardin, and Warden Mendez in the alleged denial of his
rights.

Therefore, to the extent that Stevens seeks to hold Director
Hawk-Sawyer, Regional Director Rardin and Warden Mendez
responsible under the theory of *respondeat superior*, the
complaint should be dismissed.

16

**H.    Stevens is Not Entitled to Monetary Damages.**

Stevens seeks both compensatory and punitive damages.    In
Carey v. Piphus, 435 U.S. 247 (1978), the Supreme Court
recognized that compensatory damages may only be awarded to the
extent that actual injury could be proven.    Stevens' allegations
fail to show actual damages.    To the extent that Stevens claims
he was injured when he attempted to climb down his bunk using a
ladder, he has not demonstrated that these defendants violated
his constitutional rights; as such, Stevens is not entitled to
damages of any kind.    Additionally, if Stevens seeks to bring a
*negligence* action under Bivens, he fails to state a claim.
Negligence does not state deprivation of either a substantive or
procedural due process right; therefore, Stevens' claim should be
dismissed as frivolous. See Daniels v. Williams, 474 U.S. 327
(1986).

To the extent that Stevens complains that he suffered some
yet unspecified mental or emotional injury as a result of the
alleged danger to which he claims he was exposed, in the absence
of "physical injury" under the PLRA, Stevens' claims must be
dismissed.    Under the PLRA, "[n]o Federal action may be brought
by a prisoner confined in a jail, prison, or other correctional
facility, for a mental or emotional injury suffered while in
custody without a prior showing of physical injury."    See 42
U.S.C. §1997e(e); See generally Zehner v. Trigg, 133 F.3d 459,
460 (7th Cir. 1997); Siglar v. Hightower, 112 F.3d 191, 193 (5th

17

Cir. 1997).    Consequently, Stevens' allegations fail to show

actual damages or any callous indifference by Defendants, and

thus, his claim for monetary damages should be denied.

### I.    Stevens' Complaint is Frivolous and Should be Dismissed.

Stevens' complaint lacks arguable basis either in law or in

fact and must be dismissed as frivolous.  <u>Denton v. Hernandez</u>,

504 U.S. 25 (1992).  Clearly, Stevens was provided with the

"minimal civilized measures of life's necessities."  He was

provided with food, medical care, shelter.  There is no

constitutional requirement that prisons be comfortable.  <u>Wilson</u>

<u>v. Seiter</u>, <u>supra</u> at 298.  Finally, Stevens has failed to show

that he was incarcerated under "conditions posing a substantial

risk of serious harm."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 835

(1994).  Stevens has not alleged that defendants failed to

protect him from a known risk of harm.  He simply alleges that

defendants were generally  deliberately indifferent to his safety

and life.  He has not presented any evidence that Defendants knew

of a specific risk of harm and disregarded that risk "by failing

to take reasonable measures to abate it."  <u>Farmer</u>, <u>supra</u>.

### III. Conclusion

For the above stated reasons, the complaint should be

dismissed with a certification that any appeal would be deemed

frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney


JOSEPH J. TERZ
Assistant U.S. Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482

Dated:     October 29, 2001

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JASON TRAVIS STEVENS, | : | |
| Plaintiff | : | Civil No. 1:CV-01-0907 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| KATHLEEN M. HAWK-SAWYER, et al., | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 29th day of October, 2001, she served a copy of the attached

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Jason Travis Stevens
Reg. No. 10182-036
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist