● **ORIGINAL** ●



## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TRAVIS STEVENS, | : | |
| Plaintiff | : | Civil No. 1:CV-01-0907 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| KATHLEEN M. HAWK-SAWYER, et al., | : | |
| Defendants | : | |

FILED

OCT 2 9 2001

PER _____
HARRISBURG, PA.          DEPUTY CLERK

## EXHIBITS TO BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS


MARTIN C. CARLSON
United States Attorney

JOSEPH J. TERZ
Assistant United States Attorney

ANITA L. LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
(717)221-4482


Dated:    October 29, 2001

<u>I N D E X</u>

Declaration of Bancie Tewolde . . . . . . . . . . . . . . . Exh.1

    SENTRY Report, Administrative Remedy
        Generalized Retrieval . . . . . . . . . . Enclosure 1

    SENTRY Report, Inmate Discipline Data,
        Chronological Disciplinary Record . . . . . Enclosure 2

    SENTRY Report, Quarters . . . . . . . . . . . Enclosure 3

    SENTRY Report, Sentence Monitoring Computation
        Data . . . . . . . . . . . . . . . . . . Enclosure 4

Response to tort claim, dated November 8, 2000 . . . . . . Exh.2

Response to request for investigation and
    recommendation, dated February 22, 2001 . . . . . . . Exh.3

Denial of tort claim, dated March 26, 2001 . . . . . . . . Exh.4

Request for reconsideration, dated April 22, 2001 . . . . . Exh.5

Acknowledgment of request for reconsideration,
    dated May 5, 2001 . . . . . . . . . . . . . . . . . . . Exh.6

# EXHIBIT - 1

GOVERNMENT
EXHIBIT

1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TRAVIS STEVENS | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Civil No. 1:CV-01-0907 |
| | : | (Kane, J.) |
| | : | |
| KATHLEEN M.HAWK-SAWYER,at al. | : | |
| **Defendants** | : | |

### DECLARATION OF BANCI E. TEWOLDE

I, BANCI E. TEWOLDE, do declare and state as follows:

1.      I am an attorney advisor, employed by the United States Department of Justice, Federal Bureau of Prisons, and I am assigned to the Federal Correctional Complex (FCC), Allenwood, Pennsylvania. I have been employed with the Federal Bureau of Prisons since August 12, 2001 and I have been assigned to FCC Allenwood since August 12, 2001. As a result of my position, I have access to Bureau of Prisons files maintained in the ordinary course of business on inmates incarcerated at FCC-Allenwood.

2.      I have reviewed the complaint filed by the Plaintiff, inmate Jason Travis Stevens, Register Number 10182-036, in which he essentially alleges that staff created an unsafe, unsanitary living conditions and endangered his safety and life in violation of the Eighth Amendment to the U.S. Constitution.

3.      The Plaintiff is currently serving a sentence of imprisonment of one hundred and sixteen months, a sixty month term of supervision, a one hundred  dollar ($100.00) felony

assessment for "Felon in Possession of a Firearm" in violation of 18 U.S.C. 922 (G)(1) and consecutive prison term for "False Claims" in violation of 18 U.S.C. 287.

4.    The Plaintiff first arrived at United States Penitentiary ("USP",) Allenwood on February 19, 1998. On October 19, 2000, Plaintiff was transferred from USP Allenwood to Metropolitan Detention Center ("MDC"), Brooklyn, New York.

5.    The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the Administrative Remedy Procedure for inmates, an inmate must first raise his complaint to the warden of the institution where he is confined.  He may then further appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542, et seq.  No administrative remedy appeal is considered to have been finally exhausted until it has been denied by the Bureau of Prisons' Central Office.

6.    In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue.

7.    On September 4, 2001, I conducted a search of the records to determine whether or not the Plaintiff had exhausted available administrative remedies regarding the issues he raised in his complaint.  This review has revealed that the Plaintiff has **failed** to exhaust all available

administrative remedies before filing this action. Attached hereto as Enclosure 1 is a true and correct copy of the Administrative Remedy Generalized Retrieval information for the Plaintiff printed from the Bureau of Prisons' SENTRY computer systems.

8.    Attached hereto is Enclosure 2, is a true and correct copy of the Inmate Discipline Data for the Plaintiff printed from the Bureau of Prisons' SENTRY computer system.

9.    Attached hereto as Enclosure 3, is a true and correct copy of the Inmate History-Quarters information for the Plaintiff printed from the Bureau of Prisons' SENTRY computer systems.

10.    Attached hereto as Enclosure 4, is a true and correct copy of the Sentencing Monitoring Computation Data for the Plaintiff printed from the Bureau of Prisons' SENTRY computer system.

I declare that any and all records attached to this declaration are true and accurate copies maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Banci E. Tewolde                    Oct. 3 2001
Attorney Advisor                    Date
FCC-Allenwood

```
  ALFDC         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     09-04-2001
PAGE 001 OF 001                                                    12:49:26
    FUNCTION: LST SCOPE: REG   EQ 10182-036   OUTPUT FORMAT: SINGLE_____
--------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____   THRU _____     DT STS: FROM _____    THRU ____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS: ____ ____ ____ ____ ____ ____
EXTENDED: __ REMEDY LEVEL: _ _      RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____
TRACK:  DEPT: _____ ____ ____ _____ ____ ____
      PERSON: _____ _____ _____ _____ _____ _____
        TYPE: ____ ____ ____ ____ ____ ____
EVNT FACL: EQ ____ ____ ____ ____ ____ ____
RCV FACL.: EQ ____ ____ ____ ____ ____ ____
RCV UN/LC: EQ _____ ____ ____ ____ ____ ____
RCV QTR..: EQ _____ ____ ____ ____ ____ ____
ORIG FACL: EQ ____ ____ ____ ____ ____ ____
ORG UN/LC: EQ _____ ____ ____ ____ ____ ____
ORIG QTR.: EQ _____ ____ ____ ____ ____ ____


G5152       NO REMEDY DATA EXISTS FOR THIS INMATE
```

*Enclosure 1*

```
ALFDC          *        INMATE DISCIPLINE DATA        *    09-04-2001
PAGE 001        *    CHRONOLOGICAL DISCIPLINARY RECORD   *    12:47:49

REGISTER NO: 10182-036  NAME..: STEVENS, JASON TRAVIS
FUNCTION...: PRT      FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 09-04-2001

-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 898732 - SANCTIONED  INCIDENT DATE/TIME: 07-04-2001 1305
DHO HEARING DATE/TIME: 08-23-2001 1510
FACL/CHAIRPERSON.....: BRO/COOPER
REPORT REMARKS.......: INMATE ADMITTED THAT THE INTOXICANTS WAS HIS AND TWO
                       OTHER INMATES
   222  POSSESSING INTOXICANTS - FREQ: 1
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P   27 DAYS DISALLOWANCE OF GCT
        DS         / 30 DAYS / CS
        COMP:    LAW:   30 DAYS DISCIPLINARY SEGREGATION FROM 08-23-2001
                       TO 09-21-2001
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 758301 - SANCTIONED  INCIDENT DATE/TIME: 02-24-2000 0654
DHO HEARING DATE/TIME: 03-08-2000 0855
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: ADMITTED
   305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
        MON REST   / 19.75 DOLLARS / CS
        COMP:    LAW:   FOR FOOD SERVICE ITEMS/COOKED MEAT
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 758300 - SANCTIONED  INCIDENT DATE/TIME: 02-24-2000 0451
DHO HEARING DATE/TIME: 03-08-2000 0850
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: ADMITTED
   321  INTERFERING WITH TAKING COUNT - FREQ: 1
        DS         / 15 DAYS / CS
        COMP:    LAW:
        FF NVGCT   / 12 DAYS / CS
        COMP:010 LAW:P
-------------------------------------------------------------------------
REPORT NUMBER/STATUS.: 758299 - SANCTIONED  INCIDENT DATE/TIME: 02-24-2000 0530
DHO HEARING DATE/TIME: 03-08-2000 0845
FACL/CHAIRPERSON.....: ALP/CERNEY
REPORT REMARKS.......: ADMITTED
   222  POSSESSING INTOXICANTS - FREQ: 3
        DIS GCT    / 27 DAYS / CS
        COMP:010 LAW:P
        DS         / 45 DAYS / CS
        COMP:    LAW:
        FF NVGCT   / 27 DAYS / CS
        COMP:010 LAW:P
        LP COMM    / 60 DAYS / CS
        COMP:    LAW:   THROUGH 05-06-2000


   G0002      MORE PAGES TO FOLLOW . . .
```

*Enclosure 2*

```
  ALFDC         *        INMATE DISCIPLINE DATA        *     09-04-2001
  PAGE 002 OF 002 *   CHRONOLOGICAL DISCIPLINARY RECORD  *     12:47:49

  REGISTER NO: 10182-036 NAME..: STEVENS, JASON TRAVIS
  FUNCTION...: PRT       FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 09-04-2001

  DHO HEARING DATE/TIME: 03-08-2000 0845    REPORT 758299 CONTINUED
            LP PHONE   / 60 DAYS / CS
            COMP:   LAW:   THROUGH 05-06-2000
            LP VISIT   / 60 DAYS / CS
            COMP:   LAW:   THROUGH 05-06-2000
  -------------------------------------------------------------------------
  REPORT NUMBER/STATUS.: 726117 - SANCTIONED  INCIDENT DATE/TIME: 10-27-1999 1845
  DHO HEARING DATE/TIME: 11-08-1999 0845
  FACL/CHAIRPERSON.....: ALP/CERNEY
  REPORT REMARKS.......: DENIES INTOXICANTS FOUND IN HIS LOCKED LOCKER
     222   POSSESSING INTOXICANTS - FREQ: 2
            DIS GCT    / 27 DAYS / CS
            COMP:010 LAW:P
            DS         / 21 DAYS / CS
            COMP:   LAW:
            LP PHONE   / 60 DAYS / CS
            COMP:   LAW:   THROUGH 01-06-2000
  -------------------------------------------------------------------------
  REPORT NUMBER/STATUS.: 726115 - SANCTIONED  INCIDENT DATE/TIME: 10-27-1999 1850
  UDC HEARING DATE/TIME: 11-02-1999 1350
  FACL/UDC/CHAIRPERSON.: ALP/III/G. GALLICK
  REPORT REMARKS.......: INMATE ADMITTED TO POSSESSION OF TATTOOING PARAPHERNALIA
     305   POSSESSING UNAUTHORIZED ITEM - FREQ: 1
            LP VISIT   / 60 DAYS / CS
            COMP:   LAW:   60 DAYS LOSS OF VISITING PRIVILEGES.
  -------------------------------------------------------------------------
  REPORT NUMBER/STATUS.: 722195 - SANCTIONED  INCIDENT DATE/TIME: 10-15-1999 1240
  DHO HEARING DATE/TIME: 10-25-1999 0850
  FACL/CHAIRPERSON.....: ALP/CERNEY
  REPORT REMARKS.......: ADMITTED INTOXICANT POSSESSION.
     222   POSSESSING INTOXICANTS - FREQ: 1
            DIS GCT    / 27 DAYS / CS
            COMP:010 LAW:P
            LP COMM    / 90 DAYS / CS
            COMP:   LAW:   THROUGH 1/24/00.




  G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
ALFDC   531.01 *              INMATE HISTORY          *      09-04-2001
PAGE 001        *              QUARTERS               *      12:44:49

REG NO..: 10182-036 NAME....: STEVENS, JASON TRAVIS
CATEGORY: QTR        FUNCTION: PRT          FORMAT:

FCL     ASSIGNMENT DESCRIPTION                      START DATE/TIME STOP  DATE/TIME
BRO     S01-001L   HOUSE S/RANGE 01/BED 001L        09-04-2001 1109 CURRENT
BRO     K07-815L   HOUSE K/RANGE 07/BED 815L        08-27-2001 2243 09-04-2001 1109
BRO     Z05-918UAD HOUSE Z/RANGE 05/BED 918U AD     08-16-2001 1545 08-27-2001 2243
BRO     R01-001L   HOUSE R/RANGE 01/BED 001L        08-15-2001 1800 08-16-2001 1545
ATL     J04-430L   HOUSE J/RANGE 04/BED 430L        07-24-2001 2338 07-25-2001 0841
ATL     R01-001L   HOUSE R/RANGE 01/BED 001L        07-24-2001 1941 07-24-2001 2338
OKL     Z02-711LAD HOUSE Z/RANGE 02/BED 711L AD     07-18-2001 1432 07-24-2001 0930
OKL     R01-001L   HOUSE R/RANGE 01/BED 001L        07-18-2001 0945 07-18-2001 1432
SPG     10-E       WARD 10-E                        07-05-2001 0912 07-18-2001 0415
SPG     10-F       WARD 10-F                        06-15-2001 0936 07-05-2001 0912
SPG     10-G       WARD 10-G                        06-07-2001 1348 06-15-2001 0936
SPG     10-E       WARD 10-E                        05-24-2001 0932 06-07-2001 1348
SPG     10-E       WARD 10-E                        05-24-2001 0930 05-24-2001 0931
OKL     Z01-706LAD HOUSE Z/RANGE 01/BED 706L AD     05-18-2001 2119 05-24-2001 0430
OKL     R01-001L   HOUSE R/RANGE 01/BED 001L        05-18-2001 1755 05-18-2001 2119
ATL     J04-403L   HOUSE J/RANGE 04/BED 403L        10-23-2000 2004 10-25-2000 0613
ATL     R01-001L   HOUSE R/RANGE 01/BED 001L        10-23-2000 1853 10-23-2000 2004
LEW     Z09-323UAD HOUSE Z/RANGE 09/BED 323U AD     10-19-2000 2200 10-23-2000 0845
LEW     Z05-113LAD HOUSE Z/RANGE 05/BED 113L AD     10-19-2000 2121 10-19-2000 2200
LEW     R01-001L   HOUSE R/RANGE 01/BED 001L        10-19-2000 1952 10-19-2000 2121
ALP     R01-001L   HOUSE R/RANGE 01/BED 001L        10-19-2000 1532 10-19-2000 1739
ALP     Z03-205UAD HOUSE Z/RANGE 03/BED 205U AD     10-08-2000 1230 10-19-2000 1532
ALP     Z03-209UAD HOUSE Z/RANGE 03/BED 209U AD     09-17-2000 1059 10-08-2000 1230
ALP     Z03-205UAD HOUSE Z/RANGE 03/BED 205U AD     08-27-2000 0849 09-17-2000 1059
ALP     Z03-202UAD HOUSE Z/RANGE 03/BED 202U AD     08-06-2000 1708 08-27-2000 0849
ALP     Z03-201UAD HOUSE Z/RANGE 03/BED 201U AD     08-02-2000 1750 08-06-2000 1708
ALP     Z03-217UAD HOUSE Z/RANGE 03/BED 217U AD     07-29-2000 1008 08-02-2000 1750
ALP     Z03-223UAD HOUSE Z/RANGE 03/BED 223U AD     07-23-2000 1158 07-29-2000 1008
ALP     Z03-225UAD HOUSE Z/RANGE 03/BED 225U AD     07-02-2000 1012 07-23-2000 1158
ALP     Z03-217UAD HOUSE Z/RANGE 03/BED 217U AD     06-22-2000 1116 07-02-2000 1012
ALP     Z03-214LAD HOUSE Z/RANGE 03/BED 214L AD     06-04-2000 0909 06-22-2000 1116
ALP     Z03-215LAD HOUSE Z/RANGE 03/BED 215L AD     05-14-2000 1046 06-04-2000 0909
ALP     Z03-216LAD HOUSE Z/RANGE 03/BED 216L AD     05-05-2000 1419 05-14-2000 1046
ALP     Z06-105LDS HOUSE Z/RANGE 06/BED 105L DS     04-23-2000 0846 05-05-2000 1419
ALP     Z06-103LDS HOUSE Z/RANGE 06/BED 103L DS     04-02-2000 1011 04-23-2000 0846
ALP     Z06-102LDS HOUSE Z/RANGE 06/BED 102L DS     03-27-2000 2351 04-02-2000 1011
ALP     Z06-101LDS HOUSE Z/RANGE 06/BED 101L DS     03-24-2000 1403 03-27-2000 2351
ALP     H01-002L   HOUSE H/RANGE 01/BED 002L        03-22-2000 1404 03-24-2000 1403
ALP     Z06-112LDS HOUSE Z/RANGE 06/BED 112L DS     03-19-2000 0924 03-22-2000 1404
ALP     Z06-106UDS HOUSE Z/RANGE 06/BED 106U DS     03-15-2000 1519 03-19-2000 0924
ALP     H01-004L   HOUSE H/RANGE 01/BED 004L        03-14-2000 1411 03-15-2000 1519


G0002        MORE PAGES TO FOLLOW . . .
```

Enclosure 3

```
ALFDC  531.01 *                 INMATE HISTORY              *      09-04-2001
PAGE 002 OF 002 *                  QUARTERS                 *      12:44:49

REG NO..: 10182-036 NAME....: STEVENS, JASON TRAVIS
CATEGORY: QTR          FUNCTION: PRT         FORMAT:
```

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| ALP | Z06-106UDS | HOUSE Z/RANGE 06/BED 106U DS | 03-09-2000 2014 | 03-14-2000 1411 |
| ALP | Z01-125LAD | HOUSE Z/RANGE 01/BED 125L AD | 02-25-2000 0224 | 03-09-2000 2014 |
| ALP | Z01-119LAD | HOUSE Z/RANGE 01/BED 119L AD | 02-24-2000 0519 | 02-25-2000 0224 |
| ALP | C04-209L | HOUSE C/RANGE 04/BED 209L | 11-18-1999 1523 | 02-24-2000 0519 |
| ALP | Z08-205LDS | HOUSE Z/RANGE 08/BED 205L DS | 11-08-1999 1518 | 11-18-1999 1523 |
| ALP | C04-209L | HOUSE C/RANGE 04/BED 209L | 10-25-1999 0935 | 11-08-1999 1518 |
| ALP | C03-115L | HOUSE C/RANGE 03/BED 115L | 10-15-1999 1436 | 10-25-1999 0935 |
| ALP | Z03-213UAD | HOUSE Z/RANGE 03/BED 213U AD | 10-15-1999 1423 | 10-15-1999 1436 |
| ALP | C03-115L | HOUSE C/RANGE 03/BED 115L | 09-23-1999 1107 | 10-15-1999 1423 |
| ALP | Z03-226UAD | HOUSE Z/RANGE 03/BED 226U AD | 09-14-1999 1433 | 09-23-1999 1107 |
| ALP | Z01-125LAD | HOUSE Z/RANGE 01/BED 125L AD | 09-13-1999 1310 | 09-14-1999 1433 |
| ALP | Z01-109LAD | HOUSE Z/RANGE 01/BED 109L AD | 09-10-1999 2053 | 09-13-1999 1310 |
| ALP | C03-115U | HOUSE C/RANGE 03/BED 115U | 08-27-1999 1357 | 09-10-1999 2053 |
| ALP | Z01-105UAD | HOUSE Z/RANGE 01/BED 105U AD | 08-15-1999 1348 | 08-27-1999 1357 |
| ALP | Z01-123LAD | HOUSE Z/RANGE 01/BED 123L AD | 08-02-1999 2059 | 08-15-1999 1348 |
| ALP | Z03-217LAD | HOUSE Z/RANGE 03/BED 217L AD | 07-25-1999 1317 | 08-02-1999 2059 |
| ALP | Z03-201UAD | HOUSE Z/RANGE 03/BED 201U AD | 07-19-1999 0359 | 07-25-1999 1317 |
| ALP | Z03-201LAD | HOUSE Z/RANGE 03/BED 201L AD | 07-19-1999 0357 | 07-19-1999 0359 |
| ALP | C04-215L | HOUSE C/RANGE 04/BED 215L | 07-01-1999 1959 | 07-19-1999 0357 |
| ALP | C04-209L | HOUSE C/RANGE 04/BED 209L | 06-02-1999 1312 | 07-01-1999 1959 |
| ALP | C04-209U | HOUSE C/RANGE 04/BED 209U | 05-27-1999 1749 | 06-02-1999 1312 |
| ALP | C04-203U | HOUSE C/RANGE 04/BED 203U | 05-27-1999 1702 | 05-27-1999 1749 |
| OTV | ADM DET | ADMIN DETENTION | 05-12-1999 2000 | 05-27-1999 1025 |
| OTV | R&D | RECEIVING AND DISCHARGE | 05-12-1999 1717 | 05-12-1999 2000 |
| ATL | DCU 3-71 | DET. CTR. 2ND FLOOR CELL 3-71 | 04-19-1999 2018 | 04-21-1999 0843 |
| ATL | R/D | R/D OUT COUNT | 04-19-1999 1808 | 04-19-1999 2018 |
| LEW | Z02-233LAD | HOUSE Z/RANGE 02/BED 233L AD | 04-15-1999 2256 | 04-19-1999 0839 |
| LEW | Z01-115LAD | HOUSE Z/RANGE 01/BED 115L AD | 04-15-1999 2053 | 04-15-1999 2256 |
| LEW | R01-001L | HOUSE R/RANGE 01/BED 001L | 04-15-1999 1856 | 04-15-1999 2053 |
| ALP | R01-001L | HOUSE R/RANGE 01/BED 001L | 04-15-1999 1437 | 04-15-1999 1730 |
| ALP | C03-101L | HOUSE C/RANGE 03/BED 101L | 03-16-1999 1513 | 04-15-1999 1437 |
| ALP | C03-129U | HOUSE C/RANGE 03/BED 129U | 01-06-1999 0921 | 03-16-1999 1513 |
| ALP | C03-114U | HOUSE C/RANGE 03/BED 114U | 12-30-1998 1510 | 01-06-1999 0921 |
| ALP | C03-121U | HOUSE C/RANGE 03/BED 121U | 12-30-1998 1443 | 12-30-1998 1510 |
| ALP | C03-114L | HOUSE C/RANGE 03/BED 114L | 05-20-1998 1100 | 12-30-1998 1443 |
| ALP | IIIB-114L | UNIT IIIB, ROOM 114 LOWER BUNK | 03-30-1998 1106 | 05-20-1998 1100 |
| ALP | IIIB-122U | UNIT IIIB, ROOM 122 UPPER BUNK | 03-09-1998 1303 | 03-30-1998 1106 |
| ALP | IIIB-228U | UNIT IIIB, ROOM 228 UPPER BUNK | 02-20-1998 1020 | 03-09-1998 1303 |
| ALP | ADM DET | ADMINISTRATIVE DETENTION | 02-19-1998 1332 | 02-20-1998 1020 |
| OTV | ADM DET | ADMIN DETENTION | 02-12-1998 1840 | 02-19-1998 0919 |
| OTV | R&D | RECEIVING AND DISCHARGE | 02-12-1998 1620 | 02-12-1998 1840 |

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
ALFDC   540*23  *              SENTENCE MONITORING              *        09-04-2001
PAGE 001        *              COMPUTATION DATA                 *        12:45:42
                               AS OF 09-04-2001
```

REGNO..: 10182-036 NAME: STEVENS, JASON TRAVIS


```
FBI NO...........: 548858K2              DATE OF BIRTH: 02-06-1955
ARS1.............: ALP/FED WRIT          ARS2.........: BRO/A-BOP HLD
UNIT.............: G                     QUARTERS.....: S01-001L
DETAINERS........: NO                    NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-29-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: MAINE
DOCKET NUMBER...................: 1:97CR45
JUDGE...........................: BRODY
DATE SENTENCED/PROBATION IMPOSED: 01-22-1998
DATE COMMITTED..................: 02-19-1998
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO          AMOUNT:  $00.00
```

-----------------------CURRENT OBLIGATION NO: 010 ------------------------------
OFFENSE CODE....:  136
OFF/CHG: COUNT 1: FELON IN POSSESSION OF A FIREARM / 18 USC 922(G)(1)

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   140 MONTHS
 TERM OF SUPERVISION............:    60 MONTHS
 NEW SENTENCE IMPOSED...........:   116 MONTHS
 BASIS FOR CHANGE...............: RULE 35 GOVERNMENT APPEAL
 CLASS OF OFFENSE...............: CLASS A FELONY
 DATE OF OFFENSE................: 06-09-1997
```

G0002        MORE PAGES TO FOLLOW . . .

*Enclosure 4*

```
   ALFDC  540*23 *          SENTENCE MONITORING        *    09-04-2001
PAGE 002 OF 002 *          COMPUTATION DATA           *    12:45:42
                           AS OF 09-04-2001
```

REGNO..: 10182-036 NAME: STEVENS, JASON TRAVIS


--------------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-09-2000 AT ALP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 01-22-1998
TOTAL TERM IN EFFECT............:   116 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     9 YEARS      8 MONTHS

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    06-09-1997    01-21-1998

TOTAL PRIOR CREDIT TIME.........: 227
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 373
TOTAL GCT AWARDED...............: 123
STATUTORY RELEASE DATE (CURRENT): 10-06-2006
SIX MONTH /10% DATE.............: 07-29-2005
EXPIRATION FULL TERM DATE.......: 02-06-2007


PROJECTED SATISFACTION DATE.....: 01-29-2006
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: AMENDED JUDGMENT DATED 05-04-1999; REDUCED SENTENCE FROM 140
               MONTHS TO 116 MONTHS.


S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

**EXHIBIT - 2**

OCT-11-01 THU 07:44 AM   ALLENWOOD LEGAL SERVICES     FAX NO. 17175476458

GOVERNMENT
EXHIBIT
2

CARDHLS 800-752-0559

**U.S. Department of Justice**

Federal Bureau of Prisons

*U.S. Penitentiary, Allenwood*

White Deer, PA 17887-3500
November 8, 2000

MEMORANDUM FOR MIKE SULLIVAN, SUPERVISORY ATTORNEY

FROM:            Ronald A. Gaino, HSA

SUBJECT:        TRT-NER-2000-02960
                STEVENS, Jason
                Reg. No. 10182-036

This is in response to the tort claim filed by the above named inmate in which he claims $5,000.00 in personal injury. Specifically, he alleges that he fractured his right foot while attempting to climb from the third bunk.

A review of his medical record reveals that on August 16, 2000, inmate Stevens advised the Physician Assistant that he injured his right foot the day prior at approximately 6:00 a.m. while climbing down the ladder from his bunk.

An examination showed swelling and tenderness of the right foot with decreased range of motion secondary to the pain. A radiograph was taken and showed a probable fracture. Treatment consisted of an Ace wrap, elevation, and ice applied to the area.

The radiographs were taken to the Orthopaedic Surgeon on August 17, 2000, for further review. His recommendation was to place the foot in a splint and follow-up with the consultant Orthopaedist on the next clinic. On September 19, 2000, he was re-evaluated by the Orthopaedic Surgeon. His impression was that inmate Stevens had a slightly comminuted fracture at the base of his fifth metatarsal which remained in good position. He was neurologically intact and range of motion of the ankle was normal. His treatment recommendations were to remove the wooden shoe and replace it with a Swedo brace. He further encouraged him to continue his ambulation.

Inmate Stevens did receive a fracture of his right foot; however the mechanism of injury is uncertain, which he alleges was secondary to climbing down the ladder and his foot slipped. Inmate Stevens received medical care commensurate with community standards and was further evaluated by an Orthopaedic Surgeon. Therefore, I am recommending that his tort claim be denied.

**EXHIBIT - 3**

OCT-11-01 THU 07:43 AM    ALLENWOOD LEGAL SERVICES    FAX NO. 17175476458

GOVERNMENT
EXHIBIT
3



**U.S. Department of Justice**

Federal Bureau of Prisons

*U. S. Penitentiary, Allenwood*

_____

*White Deer, PA 17887-3500*

February 22, 2001

MEMORANDUM FOR HENRY J. SADOWSKI, REGIONAL COUNSEL
              NORTHEAST REGION

FROM:            Jake Mendez, Warden

SUBJECT:         TRT-NER-2001-02960
                 STEVENS, Jason
                 Register No. 10182-036

This is in response to your request for an investigation and
recommendation on the above-referenced administrative tort claim.   In his
claim, inmate Stevens, Jason - Reg. No. 10182-036, alleges that on August
15, 2000, he sustained a personal injury when he attempted to climb off
the third bunk in the Special Housing Unit at the United States
Penitentiary (USP), Allenwood.   Inmate Stevens seeks $5,000.00 in
compensation from the United States.

An investigation of this matter reveals that inmate Stevens arrived at
USP Allenwood on May 27, 1999.   Inmate Stevens was immediately assigned
quarters in general population.   On March 24, 2000, inmate Stevens was
placed into the Special Housing Unit (SHU) on disciplinary segregation
status.   Inmate Stevens has been housed in the Special Housing unit from
March 24, 2000, until his transfer to USP Lewisburg on October 19, 2000.

A review of inmate Stevens' medical record reveals that on August 15,
2000, at approximately 6:30 a.m., inmate Stevens was seen by R. Skerda,
RPH, requesting Motrin for a headache.   Inmate Stevens was provided a
refill.   (Inmate Stevens never mentioned that he had allegedly sustained a
fall from his bunk steps at 6:00 a.m.).

On August 16, 2000, at approximately 7:30 a.m., inmate Stevens reported
to PA J. DeSanto that he slipped and fell when he was trying to climb
down the ladder from the third bunk in the Special Housing Unit the
previous day.   The Inmate Injury Assessment and Followup report notes
that inmate Stevens' right foot showed swelling and tenderness with
decreased range of motion secondary to the pain.   A radiograph was taken
and it showed a probable fracture.   PA DeSantos wrapped inmate Stevens'
foot with an ACE bandage, he recommended applying ice for 20 minutes/off
40 minutes, keeping his foot elevated and continue Motrin for pain.

Administrative Tort Claim
TRT-NER-2001-02960
STEVENS, Jason
Reg. No. 10182-036
Page 2

On August 17, 2000, radiographs were taken to the Orthopaedic Surgeon for further review.  The Orthopaedic Surgeon recommended inmate Stevens' foot be placed in a splint and that he be scheduled for a follow-up with the consultant Orthopaedist on the next clinic.

On September 19, 2000, inmate Stevens was re-evaluated by the Orthopaedic Surgeon.  The surgeon's impression was that inmate Stevens had a slightly comminuted fracture at the base of his fifth metatarsal which remained in good position.  Inmate Stevens was neurologically intact and the range of motion of the ankle was normal.  His treatment recommendations were to remove the wooden shoe and to replace it with a Swedo brace.  The surgeon encouraged inmate Stevens to continue his ambulation.

In view of the foregoing, it is recommended that this administrative tort claim be denied.  This recommendation is based upon the evidence which has failed to reveal the existence of any staff negligence. Specifically, the ladder attached in the Special Housing Unit (AD 202) where inmate Stevens allegedly fell was inspected and found to be adequate.  This ladder is the same type used throughout the housing unit. A review of inmate Stevens' medical record has revealed that he received appropriate medical care commensurate with community standards including an evaluation by an Orthopaedic Surgeon while he was incarcerated at USP Allenwood.  Additionally, there is no evidence to prove that inmate Stevens actually fell from the ladder and injured his foot, nor has inmate Stevens provided any such evidence.  In fact, inmate Stevens was seen by a PA approximately 30 minutes after the alleged incident, yet he failed to mention it to the PA.  Since there is no evidence to prove staff were negligent, this claim should be denied. Should you have any questions concerning this matter, please feel free to contact Michelle Mertz, Legal Assistant, at (570) 547-1990, ext. 4119.

# EXHIBIT - 4

OCT-11-01 THU 07:42 AM   ALLENWOOD LEGAL SERVICES    FAX NO. 17175476458

GOVERNMENT
EXHIBIT
4

UNITED STATES GOVERNMENT

# Memorandum
Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** March 26, 2001

**REPLY TO**
**ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2001-02960

**TO:** Jason Travis Stevens, Reg. No. 10182-036

Your Administrative Tort Claim No. TRT-NER-2001-02960, dated
September 26, 2000, and properly received in this office on October
5, 2000, has been considered for settlement as provided by the
Federal Tort Claims Act, 28 U.S.C. § 2672, under authority delegated
to me by 28 C.F.R. § 543.30. You seek compensatory damages in the
amount of $5,000.00 for an alleged personal injury. Specifically,
you claim that on August 15, 2000, while you were housed in the
Special Housing Unit (SHU) at the United States Penitentiary (USP),
Allenwood, Pennsylvania, you fell off of a ladder when you were
attempting to climb down from your bunk, causing injury to your legs,
back and neck.

After careful review of this claim, I have decided not to offer
settlement. Our investigation reveals that on August 16, 2000, at
7:30 a.m., you reported that you had slipped and fallen from your bunk
on the previous day. The ladder from which you alleged to have fallen
was inspected and found to be adequate. Further, this is the same
type of ladder which is used throughout the housing unit. A review of
your medical record indicates that you received prompt medical
treatment, consistent with community standards. Additionally, there
is no evidence to substantiate your claim that your alleged injury was
a result from you falling from the ladder. You failed to notify any
staff of the alleged incident until the next day, even though you were
seen by medical staff on the day of the alleged incident. You fail to
show that you have actually suffered a compensable injury. There is
no evidence of negligence on behalf of any Bureau of Prisons' employee
regarding the subject of your claim.

Accordingly, your claim is denied. If you are dissatisfied with this
decision, you may seek reconsideration from this office or bring an
action against the United States in an appropriate United States
District Court within six (6) months of this memorandum.

cc: John Cooper, United States Marshal Service, Maine
    Jake Mendez, Warden, USP Allenwood

**EXHIBIT - 5**

GOVERNMENT EXHIBIT

5

4-22-01

Jason Stevens #10182-036
Box A
Thomaston, Me 04861

Mr. Henry J. Sadowski
Northern Regional Office
Philadelphia, PA

DATE

APR 2 5 2001

Tort Claim: TRT-NER-2001-02960

Dear Mr. Sadowski,

I am writing this letter for a couple
of reasons in hopes that it will be
possible to resolve some issues I have.

First, I am requesting reconsideration
on my claim. Some of the facts in your
letter to me are inaccurate.

On August 15, 2000 I told the nurse on her
rounds that I thought I sprained my foot.
She said nothing could be done until the
next day anyway for two reasons: (1) X-Rays
(2) let the swelling go down. The only injury
I claimed was to my right foot. There were
two fractures. An accident report was made
out by the nurse on 8/16 and the injuries
were documented by medical A.S.A.P. I can

not be held accountable to when the medical does things. Medical records show a 'compensable injury' ie broken bones for which I was treated. The ladders are 3 bunks high. I attached drawings on how we must climb backwards to get off the third bunk. The 1st and 4th rungs of the ladder are so close to the angle-iron of the top and middle bed you can not get a hand or toe hold. Look at these yourself or have the prison send you a close up photo of the ladder and those two rungs specifically.

For those reasons I ask reconsideration.

As to my second issue, I was locked up in Feb. 2000 for drinking. Once I was locked-up info was gained by inmates that I had been cooperating in numerous S.I.S. investigation. An officer was found to be stealing etc... I had witnessed an attempted murder and was asked to testify and/or make a statement. S.I.S. Feeney told me that he did not want to release me back into general population for my own safety from inmates + staff. He said that Washington DC had asked about my credibility and he said it was good.

U.S. Federal Judge George Z. Singal issued an inquiry concerning the conditions of my confine-

ment. In May 2000 the judge was told that S.I.S. was fully aware of my situation and that I would not be at USP Allenwood but a few more days. As of October I was still there when a writ was issued for me to come to Maine.

One of my biggest complaints and concerns was that I was constantly being housed with inmates from or going to the general population but yet I was being transferred for my protection. I did not want to be housed with non-whites because of the Latin King incident with the attempted murder.

Feeney said he was trying to get me to FCI Allenwood.

Just prior to coming to Maine I drafted and prepared an extensive §1331 action in regards to the blatant disregard for my safety at USP Allenwood, and the conditions of my confinement. I had attached to the complaint a copy of the letter of U.S. Judge Singal's inquiry and the response of prison officials acknowledging my situation and saying I would not be there long.

I would like to resolve this problem prior to returning to USP Allenwood. I would

like assurance that I will be housed in a single-cell. Double-cell at most and only with another protective custody inmate. And never with an inmate coming from or going/returning to general population, and not with any non-white inmates.

Last, I ask that the warden post such a notice in the SHU so that upon my return I will be housed accordingly.

It is possible I may have already been redesignated I do not know.

I would very much appreciate a reply concerning the second issue of my housing as soon as possible, and have the Marshal give it to me as they move me around.

If I can get some assurance, I will not file the § 1331. I'm just trying to resolve this matter.

                    Very truly yours,

                    Jason Travis Stevens

**EXHIBIT - 6**

GOVERNMENT
EXHIBIT

6



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

May 5, 2001

Jason Travis Stevens
Federal Reg. No. 08495-085
Maine State Prison
Box A
Thomaston, ME  04861

Re: Administrative Tort Claim Dated September 26, 2000
     Tort Claim No. TRT-NER-2001-02960

Dear Mr. Stevens:

This will acknowledge receipt on April 25, 2001, of your request for
reconsideration of the denial of your tort claim.  In addition, the
subject of your transfer and designation is not a matter that will be
addressed as part of the Federal Tort Claim Act.

Under the provisions of the Federal Tort Claims Act, 28 CFR 14.9(b),
we have six months from the date of receipt to make a final
disposition of your claim.  Accordingly, you may expect to hear from
us on or before October 22, 2001.

All correspondence regarding this reconsideration should be addressed
to me at:  Federal Bureau of Prisons, Northeast Regional Office, Room
701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia,
Pennsylvania 19106.  If the circumstances surrounding this claim
change in any fashion, you should contact me immediately.  Also,
should your address change, you should advise me accordingly.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc:  Warden Mendez, USP Allenwood w/enclosures

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JASON TRAVIS STEVENS,  :
        Plaintiff  :    Civil No. 1:CV-01-0907
          :
        v.  :    (Judge Kane)
          :
KATHLEEN M. HAWK-SAWYER, et al.,  :
        Defendants  :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 29th day of October, 2001, she served a copy of the attached

**EXHIBITS TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Jason Travis Stevens
Reg. No. 10182-036
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

ANITA L. LIGHTNER
Paralegal Specialist